**William E. HARTMAN, Appellant**

v.

**CORRECTIONAL MEDICAL SERVICES; Jill Mosser; Medication Reordering Nurse # 1 Jane Doe; Medication Reordering Nurse Heather. Last Name Unknown; Richard Kearney; Stan Taylor; Michael Deloy; Carl Danberg.**

No. 09–2727.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 17, 2009.

Filed Feb. 24, 2010.

William E. Hartman, Georgetown, PA, pro se.

James E. Drnec, Esq., Balick & Balick, Wilmington, DE, for Correctional Medical Services and Jill Mosser.

Atty. Gen. DE, Office of Attorney General, Dover, DE, for Medication Reordering Nurse Heather, Richard Kearney, Stan Taylor, Michael Deloy, and Carl Danberg.

Before: McKEE, RENDELL and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

William E. Hartman appeals from the order of the United States District Court for the District of Delaware dismissing his complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

Because the parties are familiar with the facts, and because the District Court's memorandum opinion recounts the details, we will provide only a brief summary. Hartman is an inmate of the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. He filed a civil rights complaint under 42 U.S.C. § 1983 in January 2008 and later filed an amendment to the complaint. He alleged that he has a life-threatening heart condition for which he has been prescribed medications, but the medication staff at SCI has caused numerous lapses in his receipt of his medication. Hartman stated that he tried to obtain relief through many grievance filings. However, he asserted that defendant Jill Mosser, a member of SCI medical staff, responded by making a false written statement that resulted in his "keep on person" medications being taken away, with the determination that all of his medications would be administered by a nurse. Hartman contends that the medication lapses continued despite this course of action, causing his health to suffer and causing him fear of suffering another heart attack. He documented his blood pressure readings and the specific days of missed medications. Further, he asserted that he lost his woodshop job due to the effects the medication lapses had on his health, and that he was assigned to a lower-paying kitchen job. As relief, he sought $760,000 in compensatory damages, citing lost wages. He also sought, as injunctive relief, administration of his medication without lapses.

Hartman named as defendants Correctional Medical Services ("CMS"), contract healthcare providers at SCI; Jill Mosser, SCI medical staff member; and two unnamed medication nurses. Also named as defendants were Richard Kearney, Stan Taylor, Michael Deloy, and Carl Danberg. In May 2008, the District Court dismissed defendants Kearney, Taylor, Deloy, and Danberg because the complaint contained no allegations against them. The District Court also noted to the extent that Hartman was attempting to allege section 1983 liability against those defendants based on supervisory positions, the complaint lacked any basis in law or fact. The complaint proceeded against CMS and Mosser,[1] who filed a motion to dismiss on the grounds that Hartman failed to file an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Hartman filed a response. On May 5, 2009, the District Court granted the defendants' motion to dismiss, noting that the only claim against the defendants was for medical negligence and that Hartman failed to comply with section 6853, and also noting that the pending motions, including Hartman's motion for appointment of counsel, were rendered moot. Hartman appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We may affirm on any basis that is supported by the record. *Fairview Township v. EPA,* 773 F.2d 517, 525 n. 15 (3d Cir.1985).

First, we consider the claims against defendants Kearney, Taylor, Deloy, and Danberg. We agree with the District Court's conclusion that Hartman's

---

1. The record shows that service of the complaint on the unnamed medication nurses was returned as unexecuted.

failure to allege personal involvement on the part of these defendants is fatal to the claims against them. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988).

■ Next, although the District Court acknowledged that Hartman's complaint was brought pursuant to section 1983, the court did not explicitly consider whether Hartman asserted an Eighth Amendment claim that the remaining defendants acted with deliberate indifference to a serious medical need. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Allegations of medical negligence do not trigger constitutional protections. *See id.* at 105–06, 97 S.Ct. 285; *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir.1993). Deliberate indifference requires a sufficiently culpable state of mind, such as reckless disregard of a substantial risk of serious harm to a prisoner. *See Farmer v. Brennan,* 511 U.S. 825, 834, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Upon review of the complaint, the amended complaint, and the various other documents Hartman submitted to the District Court, it is apparent that Hartman's claim is not based on any alleged deliberate indifference to his medical condition. Hartman himself referred to his lawsuit in terms of the negligence of the defendants. Even though his allegations reflect his frustrations with repeated occurrences of medication lapses, as well as his disagreement with the manner in which defendant Mosser directed that all of Hartman's medications be administered by medical staff, we conclude that the allegations do not invoke the Eighth Amendment.

■ Finally, as for Hartman's state law claim of medical negligence, we agree with the District Court's dismissal for failure to include an affidavit of merit signed by an expert witness, as required by 18 Del. C. § 6853(a)(1). Section 6853(a)(1) requires an affidavit of merit to accompany the filing of the complaint, except in certain situations that are not implicated here. *See* 18 Del. C. § 6853(b), (e). Hartman did not file an affidavit of merit with his complaint. As discussed by the District Court, the provisions of section 6853(a)(2) and (3) allow for a single sixty-day extension of time to file the affidavit of merit, but only if that motion is timely made, that is, "filed on or before the filing date that the plaintiff seeks to extend." *See* 18 Del. C. § 6853(a)(2), (3). Hartman did not file a motion for extension of time. Further, as the District Court found, even if Hartman's response to the defendants' motion to dismiss were construed as a motion for extension of time, that response was not filed until about one year after he filed his complaint and would not be timely. Thus, we agree with the District Court's dismissal of the complaint, along with the conclusion that the pending motions were moot.

We add that although the District Court did not provide Hartman an opportunity to amend his complaint, there is no error in this case because amendment would be futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 108 (3d Cir.2002).

Because this appeal presents no "substantial question," we will summarily affirm the District Court's decision. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.