**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

**VIVIAN L. MEDINILLA**
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

November 3, 2022

Curtis Hamilton
501 W. 11th Street, Apt 620
Wilmington, DE 19801

Patrick M. Brannigan, Esquire
222 Delaware Avenue
Wilmington, DE 19801

      **Re:** ***Curtis Hamilton v Horizon House, Inc. and Connections***
          **N22C-02-153 VLM**

Dear Messieurs Hamilton and Brannigan:

On October 28, 2022, this Court held a virtual hearing on Defendant Horizon House, Inc.'s Motion to Dismiss Plaintiff Curtis Hamilton's Complaint. For the reasons stated on the record and further memorialized below, Defendant Horizon House's Motion to Dismiss is **GRANTED.**

## *Facts & Procedural History*

Defendant Horizon House is a group home that provided services to Plaintiff's mother. She was admitted to Christiana Hospital on February 28, 2020 and died on February 29, 2020. On February 21, 2022, Plaintiff, a self-represented litigant, filed his Complaint against both Horizon House and Connections, alleging defendants were negligent for not following protocol and in the misdiagnosis and treatment of his mother's heart attack, which ultimately led to her death.[1]

On June 28, 2022, Defendant Horizon House filed this Motion to Dismiss asserting that the Complaint lacks an affidavit of merit in violation of 18 *Del. C.* § 6853 and does not comply with Delaware Superior Court Civil Rules 8(a), 9(b), and 10(b).

---

[1] To date, Connections has failed to respond to the Complaint.

In accord with this Court's briefing schedule, Defendant Horizon House filed its Opening Brief on July 11, 2022. Plaintiff's Response, due July 25, was not filed. Instead, on July 28, he hand-delivered a request to the Court asking for additional time to obtain counsel and to respond. His request was granted with a deadline to obtain counsel and/or respond before October 3, 2022. Plaintiff did not meet the deadline. Instead, on October 7, 2022, he presented to Prothonotary and asked for more time as he could not find an attorney despite efforts to retain one. A virtual hearing was held on October 28, 2022.

## *Standard of Review*

On a motion to dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[2] Even vague allegations are considered well plead if they give the opposing party notice of a claim.[3] The Court must draw all reasonable inferences in favor of the non-moving party.[4] It will not, however, "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[5] The Court will grant the motion to dismiss "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle [the plaintiff] to relief."[6]

## *Discussion*

Plaintiff identified the present matter as a civil miscellaneous case at filing.[7] Yet, the Complaint alleges various claims which arise under a medical negligence action,[8] including that his mother was "given morphine instead of running tests or sending her to the ER" which "excacerbated" [sic] her cardiac problems and "thereby induced [her] cardiac arrest" and contributed to her death.[9] The Complaint also alleges: (1) negligence; (2) gross negligence; (3) failure to follow protocol; (4) wrongful death due to negligence; and (5) misdiagnosis and treatment which contributed to his mother's

---

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[3] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002)).

[4] *Id.*

[5] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (citation omitted).

[6] *Sliney v. New Castle Cty.*, 2019 WL 7163356, at *1 (Del. Super. Dec. 23, 2019).

[7] *See* Case Information Statement, D.I. 4.

[8] It is unclear if the allegations against both Defendants are the same. The Court address only the claims against Horizon House as a medical provider.

[9] Complaint, D.I. 1.

death.[10] Despite Plaintiff's designation at filing, the allegations in the Complaint against Defendant Horizon House allege medical negligence.[11]

To file such a claim, 18 *Del. C.* § 6853 requires "[a]n affidavit of merit as to each defendant signed by an expert witness . . . and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant."[12] The law required Plaintiff to file an affidavit of merit and he has failed to do so. Plaintiff was afforded time to respond and find counsel. As explained at the hearing, the Court may "grant a single 60-day extension for the time of filing the affidavit of merit" if good cause is shown.[13] No futher extensions are warranted nor can the Court excuse Plaintiff's non-compliance with statutory requirements because of his *pro se* status.[14]

For these reasons, Plaintiff's Complaint must be dismissed as to Defendant Horizon House.[15] The Motion to Dismiss is **GRANTED.**[16]

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

oc:    Prothonotary

---

[10] Complaint, D.I. 1.

[11] Defendant Horizon House qualifies as a health-care provider under 18 *Del. C.* § 6801; *see also Dougherty v. Horizon House, Inc.*, 2008 WL 3488532, at *4 (Del. Super. June 25, 2008) (determining allegations of medical negligence against a nurse at Horizon House "[fell] under the broad statutory definition of 'healthcare medical negligence' lawsuit.").

[12] 18 *Del. C.* § 6853(a)(1); *see also Dougherty v. Horizon House, Inc.*, 2008 WL 3488532, at *4 (Del. Super. June 25, 2008) (citing *McBride v. Shipley Manor Health Care*, 2005 WL 2090695 (Del. Super. Mar. 23, 2005) ("18 *Del. C.* § 6853(a) requires that an Affidavit of Merit is necessary in every healthcare medical negligence case.").

[13] 18 *Del. C.* § 6853(a)(2).

[14] *See Smith v. Kobasa*, 113 A.3d 1081, 2015 WL 1903546, at *2 (Del. Apr. 24, 2015).

[15] *See Hartman v. Correctional Medical Services*, 366 Fed. Appx. 453, 455 (3d Cir. 2010) (applying 18 *Del. C.* § 6853(a)(1) and upholding dismissal of claim where plaintiff did not timely file an affidavit of merit or a motion for extension of time); *Dishmon v. Fucci*, 32 A.3d 338, 345 (Del. 2011) ("From the plain language of Section 6853 it is clear that where a party fails to file an Affidavit of Merit with the Superior Court, the Court will not entertain the case.") (citing 18 *Del. C.* § 6853(a)(1)).

[16] The Court advised Plaintiff that Defendant Connections did not join in this Motion.